**COYLE LAW GROUP LLP**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 370-0592
jcoyle@coylelawgroup.com
John D. Coyle 029632001
Jesse C. Morris 038262007
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW CARELL, MELISSA CASAMASSINA, JULIETA EVERETT, AMANDA HICKMAN, MAGDA JASEK, JOHN KHANJIAN, ALFONSO PADILLA, BRIDGET PITT, ERIC SAUNDERS, and BERNADETTE ZELAYA,<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY HEALTH SYSTEM, and JOSE A. BALDERRAMA,<br><br>Defendants. | Civil Action No. 2:22-cv-5932<br><br><br><br>**CIVIL ACTION**<br><br>**AMENDED COMPLAINT WITH JURY DEMAND** |

1. This action seeks redress for the willful, wanton, and intentional violation of the civil rights of caregivers and support staff who have dedicated their lives to the wellbeing of community members in the Valley Health System ("Valley").

2. Throughout the COVID-19 pandemic, Plaintiffs Andrew Carell, Melissa Casamassina, Julieta Everett, Amanda Hickman, Magda Jasek, John Khanjian, Alfonso Padilla, Bridget Pitt, Eric Saunders, and Bernadette Zelaya, employed by Defendant Valley Health System ("Valley"), placed their vocation to protect the public above their own health and safety.

3. This is not mere hyperbole: providing critical care to patients during the pandemic and by supporting the day-to-day operation of Valley through these bleak times, Plaintiffs risked their physical and mental health on a daily basis to ensure that the most vulnerable of the community

were safe and cared for, and that Valley would continue to operate as smoothly and successfully as possible.

4.      Most people wonder exactly how they will react when called upon to help their community, but Plaintiffs do not wonder; rushing to aid those in need is exactly what they do every day.

5.      During the heart of the COVID-19 pandemic, Plaintiffs were praised as "Healthcare Heroes," celebrated for doing what they have done for decades—helping those with medical needs by placing their patient's needs above their own.

6.      Despite years of dedicated service, the administration and attorneys for Valley turned their back on these loyal employees, suspending, and firing them in knowing and willful violation of controlling state and federal law.

7.      This action is the result of institutional discrimination against personnel with certain deeply held religious beliefs and punishing them for attempting to defend these beliefs. It seeks injunctive relief for Plaintiffs and all others similarly situated under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("NJLAD") and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, *et seq*. ("TITLE VII").

8.      This matter is <u>not</u> about whether vaccines 'work.' This case is not about whether private companies, like Defendant Valley can impose vaccine mandates; they can.

9.      However, any private or government vaccine mandate must still comply with state and federal law regarding exemptions.

10.     As the United States Equal Employment Opportunity Commission ("EEOC") made clear[1]:

> Note: Court decisions upholding or rejecting federal vaccination requirements do not affect any statements made in this publication regarding employer and employee rights and responsibilities under

---

[1] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

the equal employment opportunity laws with respect to employers
that require COVID-19 vaccinations.

11.     That is the heart of this matter: Defendant Valley's willful and systematic violation of

employer responsibilities and employee rights with respect to its COVID-19 vaccine requirement.

12.     Defendant imposed a condition of employment that required Plaintiffs to forego sincerely

held religious beliefs in violation of the NJLAD and TITLE VII.

13.     Specifically, when Plaintiffs submitted requests for exemption from the mandatory

COVID-19 policy, Valley rejected their assertion of beliefs and discriminated against Plaintiffs

and fired them.

14.     As discussed in greater detail below, the NJLAD and TITLE VII required Valley to engage

in a *bona fide* interactive process to determine if Plaintiff could perform the essential functions of

their jobs with an accommodation.

15.     Defendant Valley also violated controlling law by refusing to accommodate <u>any</u> of

Plaintiffs, pretextually invoking the Equal Employment phrases "undue burden," and "unsafe

workplace."

16.     Doctors - could not be accommodated. Nurses and other certificated staff—could not be

accommodated. Security guards - could not be accommodated. Office staff - *who have no patient

contact* - could not be accommodated.

17.     Valley refused to conduct this good faith investigation in flagrant disregard for the NJLAD

and TITLE VII.

18.     Valley has taken the following illegal and flagrantly discriminatory positions:

    a.     First, it refused to accommodate Plaintiffs; and

    b.     Second, it refused to engage in an interactive process with Plaintiffs to determine

           if there was an accommodation acceptable to both parties.

19.     However, unvaccinated personnel in hundreds of facilities have been safely performing the essential functions of their job without being vaccinated with the accommodations of masking and routine testing - which is the exact same accommodation required by New Jersey Governor Murphy in his Executive Order 283:

> The policies adopted by covered settings pursuant to this Order must provide appropriate accommodations, to the extent required by federal and/or state law, for employees who request and receive an exemption from vaccination because of a disability, medical condition, or sincerely held religious belief, practice, or observance. The policies adopted by covered settings pursuant to this Order must require covered workers that receive an exemption pursuant to this paragraph to continue weekly or twice weekly testing as required by Executive Order No. 252 (2021).

20.     This Complaint does not seek to challenge the Executive Order, or the fact that New Jersey Governor Murphy instituted a COVID-19 vaccine mandate by Executive Order or that Valley is complying with same. Instead, the action arises because Valley has elected to violate the NJLAD and TITLE VII with respect to the enforcement of the vaccine mandate.

21.     The COVID-19 pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of Valley. Valley instead used COVID-19 as a pretext to violate its most basic legal obligations to Plaintiffs.

22.     This Complaint seeks to hold Valley accountable for its flagrant religious discrimination, refusal to accommodate, and retaliation.

## **PARTIES AND JURISDICTION**

23.     Defendant Valley Health System is a regional health care system that provides comprehensive, holistic care to the communities of Northern New Jersey and Southern New York. The facilities themselves are in both of these states, but the main Valley Hospital is located in Ridgewood, New Jersey, specifically in Bergen County. The address for Valley Hospital is 223

North Van Dien Avenue, Ridgewood, New Jersey 07450. Plaintiffs primarily worked at this location and the surrounding campus.

24.     Defendant Jose A. Balderrama is the VP, Human Resources for Defendant Valley. His principal place of business is Valley Hospital, 223 North Van Dien Avenue, Ridgewood, New Jersey 07450.

25.     Plaintiff Andrew Carell, a Senior Planning Analyst at Valley for nearly thirteen (13) years, is a resident of the town of Clifton in Passaic County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Andrew Carell v. Valley Health System,* Charge No. 17E-2022-00002. A true and correct copy of which is attached hereto as Exhibit A.

26.     Plaintiff Melissa Casamassina, a Nurse at Valley since 2006, is a resident of the town of Wayne in Passaic County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Melissa Casamassina v. Valley Health System,* Charge No. 17E-2022-00419. A true and correct copy of which is attached hereto as Exhibit B.

27.     Plaintiff Julieta Everett, a Registered Nurse in Valley's Endoscopy Department since January 2021, is a resident of the town of Warwick in Orange County, New York. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Julietta Everett v. Valley Health System,* Charge No. 17E-2022-00103. A true and correct copy of which is attached hereto as Exhibit C.

28.     Plaintiff Amanda Hickman, a specialty care transport nurse/mobile intensive care nurse (MICN) with Valley for four (4) years, is a resident of Newfoundland, NJ in Passaic County. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Amanda Hickman v. Valley Health System,* Charge No. 17E-2022-00072. A true and correct copy of which is attached hereto as Exhibit D.

29.     Plaintiff Magda Jasek, a Critical Care Nurse at Valley for eight (8) years, is a resident of the borough of Washington in Warren County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Magda Jasek v. Valley Health System,* Charge No. 17E-2022-00102. A true and correct copy of which is attached hereto as Exhibit E.

30.     Plaintiff John Khanjian, a Security Officer at Valley since 2020, is a resident of the borough of Oakland in Bergen County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *John Khanjian v. Valley Health System,* Charge No. 17E-2022-00232. A true and correct copy of which is attached hereto as Exhibit F.

31.     Plaintiff Alfonso Padilla is a Hudson County native and current resident in the town of Keyport in Monmouth County, NJ. On September 15, 2022, the EEOC issued a Notice of Right to Sue in the matter *Alfonso Padilla v. Valley Health System,* Charge No. 17E-2022-00163. A true and correct copy of which is attached hereto as Exhibit G.

32.     Plaintiff Dr. Eric Saunders, an Ophthalmologist at Valley, is a resident of the borough of Hawthorne in Passaic County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Eric Saunders v. Valley Health System,* Charge No. 17E-2022-00084. A true and correct copy of which is attached hereto as Exhibit H.

33.     Plaintiff Bernadette Zelaya, a Respiratory Therapist at Valley, is a resident of the borough of North Haledon in Passaic County, New Jersey. On July 13, 2022, the EEOC issued a Notice of Right to Sue in the matter *Bernadette Zelaya v. Valley Health System,* Charge No. 17E-2022-00070. A true and correct copy of which is attached hereto as Exhibit I.

34.     Plaintiff Bridget Pitt is a resident of the town of Orangeburg in Rockland County, New York. On October 11, 2022 the EEOC issued a Notice of Right to Sue in the matter *Bridget Pitt v.*

*Valley Health System,* Charge No. 17E-2022-000234. A true and correct copy of which is attached hereto as Exhibit J.

35.     This Complaint is filed within ninety (90) days of the Notices of Right to Sue.

36.     As set forth herein, this Complaint brings claims under Title VII of the Civil Rights Act.

37.     Therefore, pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter.

38.     Defendant is a resident Bergen County, properly venued in the District Court seated in Newark.

## **FACTUAL HISTORY**

### **The COVID-19 Policy & Rejection**

39.     During the earliest months of the COVID-19 pandemic, Defendant Valley did not impose any additional precautions for employees.

40.     For those who were not otherwise in the facility daily, in June of 2020, Defendant Valley required employees to return in a limited capacity. Returning employees were required to mask in certain common areas but were not required to be worn at one's desk.

41.     In December 2020, Defendant Valley made COVID-19 vaccines available to employees but issued repeated statements that the vaccines are "not mandatory."

42.     In early 2021, Defendant Valley Executive Staff were given a performance goal of reaching eighty percent (80%) staff vaccination on their performance "scorecards" in their department.

43.     In March of 2021, the VP of marketing for Valley stated that they were hoping that the state of Mississippi would have a surge of COVID-19 cases after the state relaxed some of the COVID-19 restrictions for the state.

44.     In May 2021, Defendant Valley announced that it would be giving special benefits to vaccinated employees. Specifically, there would be increased personal time off available only to employees who were vaccinated.

45.     On or about June of 2021, Defendant Valley instituted its COVID-19 vaccination policy, mandating that all employees receive at least one COVID-19 vaccination by November 1, 2021, or face termination, unless they had an approved exemption.

46.     In August of 2021, Defendant Valley announced that all unvaccinated employees will be required to test once a week for COVID.

47.     In October of 2021, Defendant Valley announced that all "non-management vaccinated employees" who were hired prior to January 1, 2020, would receive a salary increase.

48.     In October of 2021, Defendant Valley announced that all "non-management vaccinated employees" who were hired after January 1, 2020, would receive a one (1) time bonus.

49.     In October of 2021, Defendant Valley announced that all "Employees who are management and vaccinated" would be receiving a one (1) time bonus.

**Plaintiff Andrew Carell**

50.     Plaintiff Andrew Carell maintains a sincerely held religious belief that prevents him from receiving the COVID-19 and flu vaccines.

51.     On or about July 16, 2021, Plaintiff Andrew Carell submitted a request for religious exemption, stating that requiring him to receive the COVID-19 vaccine would violate his sincerely held religious beliefs.

52.     On or about December 10, 2021, Plaintiff Andrew Carell submitted a request for religious exemption, stating that requiring him to receive the flu vaccine would violate his sincerely held religious beliefs.

53.     Andrew Carell's tenure working at Valley spanned over thirteen (13) years from January 2009 through February 2022. First coming on board as an Internal Auditor and most recently spending the last five (5) years working as a Senior Strategic Planning Analyst, Mr. Carell was passionate about his role helping patients via his data analytic skills. Mr. Carell has long considered his time working at Valley more than "just a job." He grew very close to his first boss and mentor, and although she retired in 2015, he still keeps in touch with her to this day.

54.     Mr. Carell regularly stated to his family about how proud he was to work for Valley. In fact, he treated his coworkers and the organization as his second family. Mr. Carell was extremely proud to be a Valley employee when his only nephew and niece were both born at Valley in 2016 and 2019. Further, Mr. Carell was proud to be affiliated with Valley as they were one of the first health systems in the state to offer the COVID-19 vaccine to family members of employees. Mr. Carell made it a top priority and succeeded in scheduling appointments for his family members that wanted the vaccine. Finally, Mr. Carell was proud to represent the organization playing on the Valley co-ed softball team for several years – dedicating his time outside of normal business hours to bond with coworkers and ensure the Valley team was a winning one.

55.     Mr. Carell holds three (3) things in his life above everything else: (i) his relationship with God; (ii) his family; and (iii) his health. Not only did Mr. Carell treat everything Valley related as his second family, but he also received his healthcare at Valley. There is no doubt that Mr. Carell felt as though Valley was part of the three (3) things in his life that are paramount to him, but as it turns out and unfortunately, that feeling was not mutual.

56.     On or about September 13, 2021, Defendant Balderrama sent a letter to Andrew Carell, denying his request for religious exemption, and stating in relevant part:

> Although you have demonstrated a sincerely held religious belief, we regret to inform you that, after careful deliberation, Valley is not able to grant you an

accommodation in the form of an exemption to the COVID-19 vaccine policy at this time. Valley has determined that granting the requested accommodation would create an undue hardship to our operations given the nature of your role and the increased risk of transmitting COVID-19 to others. If you are interested in pursuing other positions in the organization that may not involve such requirement, please visit our careers page and contact Lissette Valentin-Green, Human Resources Manager, or your Human Resources Business Partner.

57.    Also on September 13, 2021, Andrew Carell was placed on a medical leave of absence from Valley due to, *inter alia*, the impact of the work harassment he received for not being vaccinated.

58.    On October 8, 2021, Defendant Valley was served with Andrew Carell's New Jersey Division of Civil Rights Complaint for discrimination.

59.    On October 29, 2021, Defendant Valley placed Andrew Carell on unpaid leave for violating COVID-19 vaccination policy, despite being on Medical Leave of Absence.

60.    Andrew Carell's Medical Leave of Absence expired on December 13, 2021, and on February 8, 2022 Defendant Valley terminated Andrew Carell for not receiving the influenza vaccine.

**Plaintiff Melissa Casamassina**

61.    Plaintiff Melissa Casamassina maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

62.    On July 13, 2021, Plaintiff Melissa Casamassina submitted her request for a religious exemption, stating that requiring her to receive the COVID-19 vaccine would her sincerely held religious beliefs. Plaintiff Melissa Casamassina began her career at The Valley Hospital in 1996 as a Nursing Assistant. After passing her state boards the following year, she was hired as a Registered Nurse. Other than a three (3) year hiatus after having her third child, her entire nursing career was at Valley. The majority of Ms. Casamassina's career was spent as a member of the

Float Pool. This position required her to be flexible and adaptable as she worked wherever staffing was needed throughout the hospital's different units.

63.    At the time of her hiring, Valley did not require its employees to take a flu shot. However, that changed in 2015 when Valley instituted a policy that stated if you did not get a flu shot you would not be eligible for merit increases or bonuses at that time, Ms. Casamassina did not feel the need to divulge her beliefs to the administration of Valley. Although her annual reviews were all positive, she stopped getting annual merit increases. When the State of New Jersey implemented a mandatory flu shot requirement for healthcare workers in 2020, Ms. Casamassina submitted a Religious Exemption so she would not lose the only nursing position she had known. That exemption was approved.

64.    In March, April and May of 2020, Ms. Casamassina worked extra shifts above and beyond what was required of her position. She felt a responsibility to utilize her nursing skills during the craziness of the early days of the pandemic. Her employment with Valley was terminated on December 31, 2021.

65.    On August 4, 2021, Defendant Balderrama responded:

> We want to inform you that while we understand and recognize your right to have a valid religious belief, after careful deliberation, Valley is not able to grant you an accommodation in the form of an exemption to the COVID-19 vaccine policy at this time. Valley has determined that granting the requested accommodation would create an undue hardship to our operations given the nature of your patient-care role and the more importantly, pose a significant and direct threat to Valley's vulnerable patient population and other employees. We have a responsibility to protect those patients and others you interact with and exposing them to unvaccinated staff significantly increases their risk of infection by COVID-19 and puts their lives at risk.
>
> If you are interested in pursuing other positions in the organization that may not involve such requirement, please visit our careers page and contact Lissette Valentin-Green, Human Resources Manager, or your Human Resources Business Partner.

66.     In March, April, and May of 2020 Ms. Casamassina worked extra shifts as she felt a responsibility to utilize her nursing skills to help during the craziness of the early days of the COVID-19 pandemic. On December 31, 2021, Defendant Valley terminated Melissa Casamassina.

**Plaintiff Julieta Everett**

67.     Plaintiff Julieta Everett maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

68.     On or about July 22, 2021, Plaintiff Julieta Everett submitted her request for a religious exemption, stating that requiring her to receive the COVID-19 vaccine would her sincerely held religious beliefs. Plaintiff Julieta Everett (Galvano) is a wife to a supportive husband, and mother to a beautiful three (3) year old boy named Leonel. Ms. Everett has been in the nursing field since 2018 where she has worked in both pre and post operative care. Ms. Everett is originally from Argentina and moved to the United States at the age of ten (10) years old after her mother received an offer to work as a speech therapist in New York City. Ms. Everett's parents did not think twice, and instantly made arrangements for their family to move. This would give Ms. Everett's brother and her a better opportunity not only in education, but in the workforce as well. One of the greatest accomplishments Ms. Everett has completed after arriving in the United States was learning English. Through hard work and dedication, Ms. Everett was able to thrive in middle school and high school. Ms. Everett attended Palisades Park Middle School and graduated from Palisades Park Jr. Sr. High School in 2013. Throughout Ms. Everett's teenage years, she was given the opportunity to volunteer for the youth leadership program at Bethany Church in Wyckoff, New Jersey. Through this leadership program, Ms. Everett found her love for serving her community and helping others. Ms. Everett knew in her heart that her calling was to serve and care for others. For these reasons, Ms. Everett knew she wanted to continue her education in Nursing. While

attending Bergen Community College in Paramus New Jersey, Ms. Everett was accepted in the accelerated nursing program, where she graduated May of 2018. Soon after graduating Ms. Everett was offered a position at a Surgical center close to home, where she worked as a Pre-Operative and Post-Anesthesia Care Unit. This job was a blessing for Ms. Everett and prepared her to be able to work in a surgical setting. Ms. Everett was ecstatic that she was given this opportunity that would assist her in growing her career. Ms. Everett's future goals are to continue her career in nursing and become more knowledgeable in the field. Some of Ms. Everett's greatest joys in life have been helping the patients that have crossed her path. Not every moment in Ms. Everett's career has been happy or positive, but they have helped her grow in her career.

69.     On or about August 26, 2021, Julieta Everett submitted a letter from her pastor, Senior Pastor John James from Bethany Church in further support of her request for a religious exemption.

70.     On September 7, 2021, Defendant Balderrama responded:

> We want to inform you that while we understand and recognize your right to have a valid religious belief, after careful deliberation, Valley is not able to grant you an accommodation in the form of an exemption to the COVID-19 vaccine policy at this time. Valley has determined that granting the requested accommodation would create an undue hardship to our operations given the nature of your patient-care role and the more importantly, pose a significant and direct threat to Valley's vulnerable patient population and other employees. We have a responsibility to protect those patients and others you interact with and exposing them to unvaccinated staff significantly increases their risk of infection by COVID-19 and puts their lives at risk.

> If you are interested in pursuing other positions in the organization that may not involve such requirement, please visit our careers page and contact Lissette Valentin-Green, Human Resources Manager, or your Human Resources Business Partner.

71.     On November 1, 2021, Defendant Valley terminated Julieta Everett.

**Plaintiff Amanda Hickman**

72.     Plaintiff Amanda Hickman maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

73.     On August 13, 2021, Plaintiff Amanda Hickman submitted her request for a religious exemption, stating that requiring her to receive the COVID-19 vaccine would her sincerely held religious beliefs. Plaintiff Amanda Hickman has been in the medical field since the age of fifteen (15), when she joined her town volunteer ambulance corps. Three (3) years later, she was eligible to take the EMT course where she passed the state exam and practical. She went on to Umass-Amherst and graduated with a Bachelor's degree in Psychology but continued to work as an EMT post-graduation. While working in the field, she was introduced to the notion of a Mobile Intensive Care Nurse responsible for 911's and critical care transports. A critical care nurse then can practice in the scope of a paramedic and that is what Ms. Hickman set her heart out to do. Ms. Hickman applied to Ramapo College Nursing School and earned a second Bachelors, but this time a Bachelor of Science in Nursing.

74.     From there, Ms. Hickman began working as a nurse in a small community hospital, then advanced to a large, high acuity Level II trauma center, earned her Certified Emergency Nurse, and then eventually landed her long sought-after position with Valley EMS. She worked on the Specialty Care/Critical Care Transport Unit for about a year before she trained on the medic truck to become a Mobile Intensive Care Nurse ("MICN"). Over two hundred (200) hours, many intubations, many certifications, some electricity, a little sweat, and a lot of determination, she earned her MICN in December of 2019. A few months later, COVID-19 crept over, and Ms. Hickman did not hesitate to help her community. Ms. Hickman picked up multiple shifts in order to keep medic trucks in service and available. Ms. Hickman's passion for helping others is highlighted in her story, and the career in which she truly loved.

75.     On October 4, 2021, Defendant Balderrama responded:

> Although you have demonstrated a sincerely held religious belief, we regret to inform you that, after careful deliberation, Valley is not able to grant you an accommodation in the form of an exemption to the COVID-19 vaccine policy at this time. Valley has determined that granting the requested accommodation would create an undue hardship to our operations given the nature of your patient-care role and the increased risk of transmitting COVID-19 to Valley's vulnerable patient population. If you are interested in pursuing other positions in the organization that may not involve such requirement, please visit our careers page and contact Lissette Valentin-Green, Human Resources Manager, or your Human Resources Business Partner.

76.     On November 1, 2021, Plaintiff Amanda Hickman was on maternity leave. When she returned from maternity leave, Defendant Valley terminated her on February 28, 2022.

**Plaintiff Magda Jasek**

77.     Plaintiff Magda Jasek maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

78.     On or about August 13, 2021, Plaintiff Magda Jasek submitted her request for a religious exemption, stating that requiring her to receive the COVID-19 vaccine would her sincerely held religious beliefs. Plaintiff Magda Jasek moved from Poland to the United States in 2004. Ms. Jasek won a green card in a lottery and moved to the USA hoping for a better future. Ms. Jasek went to Passaic Community College to learn English as a second language and later to Bergen Community College and William Paterson University to earn her Bachelor's Degree in Nursing ("BSN"). Ms. Jasek became a nurse in 2010, working in sub-acute rehab while getting her BSN. In 2014 Ms. Jasek was hired by the Valley. First Ms. Jasek was working on the orthopedic unit, later the telemetry floor and most recently she was working in the critical care CCU, a total seven (7) years of service. Ms. Jasek became certified as a Holistic Nurse in 2016 and she was part of the holistic nursing movement in the hospital.

79.     Plaintiff Magda Jasek also volunteered at the Pathway of Hope dog rescue. Ms. Jasek was

taking care of COVID-19 patients for two (2) years (2020 – 2021). In November 2021 Ms. Jasek

was forced to leave New Jersey along with all of her family and friends and move to Florida. Ms.

Jasek was offered a job at the University of Florida hospital UF Health in Jacksonville, Florida.

Ms. Jasek is now working full time in CCU and currently being trained as an intense care nurse.

Ms. Jasek was denied unemployment from the state of New Jersey.

80.     On September 27, 2021, Defendant Balderrama responded:

> Although you have demonstrated a sincerely held religious belief, we regret
> to inform you that after careful deliberation, Valley is not able to grant you
> an accommodation in the form of an exemption to the COVID-19 vaccine
> policy at this time. Valley has determined that granting the requested
> accommodation would create an undue hardship to our operations given the
> nature of your patient-care role the increased risk of transmitting COVID-
> 19 to Valley's vulnerable patient population. If you are interested in
> pursuing other positions in the organization that may not involve such
> requirement, please visit our careers page and contact Lissette Valentin-
> Green, Human Resources Manager, or your Human Resources Business
> Partner.

81.     On October 17, 2021, Defendant Valley terminated Magda Jasek.

**Plaintiff John Khanjian**

73.     Plaintiff John Khanjian maintains a sincerely held religious belief that prevents him from

receiving the COVID-19 vaccine.

82.     On August 15, 2021, Plaintiff John Khanjian submitted his request for a religious

exemption, stating that requiring him to receive the COVID-19 vaccine would his sincerely held

religious beliefs. Plaintiff John Khanjian lives in Oakland, with his wife Amanda, and their two

(2) young children Rosie (three years old) and Matthias (five months old). Mr. Khanjian grew up

in Bergen County, attended Don Bosco Prep High School, then Marist College, majoring in

Criminal Justice with a Minor in Catholic Studies. He currently owns his own business and

16

acquired a part-time position as a Security Officer at Valley in June of 2020 as a means to additionally support his growing family.

83.     His request was submitted along with letter in support from Fr. Manny Gallo, SBD, Salesian Director of Don Bosco Cristo Rey.

84.     On October 21, 2021, Defendant Balderrama responded:

> We regret to inform you that, based on the information provided, we have determined that your request does not meet the applicable standard for an exemption.

85.     On November 1, 2021, Defendant Valley terminated John Khanjian.

**Plaintiff Alfonso Padilla**

86.     Plaintiff Alfonso Padilla maintains a sincerely held religious belief that prevents him from receiving the COVID-19 vaccine.

87.     On October 4, 2021, Plaintiff Alfonso Padilla submitted a request for a religious exemption from the COVID-19 vaccine requirement. Mr. Padilla is a healthcare a professional with over five (5) years of experience in clinical, behavioral health, and administrative roles. He has a B.A, Natural Science and Mathematics and a Master of Science in Healthcare Administration both from Felician University (Franciscan University). His family's ethnic roots go back to Puerto Rico (Mother's side) and Colombia (Father's side), but he was born and raised in NJ. Growing up in a melting pot of culture like Jersey City allowed him to embrace working with people and find his calling in healthcare. His goal is to go back for my BSN and become a registered nurse and bring value and his skillset to the health sector and be the change that is needed.

88.     On October 29, 2021, Defendant Jose A. Balderrama responded:

> As such, we want you to know that we thoroughly and extensively review all accommodation requests to ensure our decisions properly protect and respect the rights our employees have to live their lives consistent with their sincerely held religious beliefs. In assessing your request, Valley has examined your explanation of the basis for

17

your request, any supporting documentation you may have chosen to submit, as well as other information we may have available regarding your history of vaccinations and prior requests for exemptions.

We regret to inform you that, based on the information provided, we have determined that your request does not meet the applicable standard for an exemption.

89.     On November 1, 2021, Defendant Valley terminated Alfonso Padilla.

**Plaintiff Dr. Eric Saunders**

90.     Plaintiff Dr. Eric Saunders maintains a sincerely held religious belief that prevents him from receiving the COVID-19 vaccine.

91.     On or about August 29, 2021, Dr. Saunders submitted his request for a religious exemption, stating that requiring him to receive the COVID-19 vaccine would violate his sincerely held religious beliefs. Plaintiff Dr. Eric Saunders has been an ophthalmologist in practice for more than twenty (20) years in northeast New Jersey. Dr. Saunders is happily married with three (3) beautiful children. Dr. Saunders loves to sing and has been in numerous choirs and bands. Dr. Saunders was born without legs into a loving family. Both of Dr. Saunders parents were ministers and brought him up in the Christian faith. Dr. Saunders wrestled in high school and went to the Missouri State Tournament. Dr. Saunders was taught to never give up, always go for your dreams, and to serve God by helping others; this is why he became a physician. Dr. Saunders loves his patients deeply. Dr. Saunders prays for daily strength and guidance, especially with difficult decisions. Dr. Saunders is willing to stand up for justice and do what is right and good to bring more freedom, love, and compassion into this world.

92.     Dr. Saunders was an employee of Valley Physician Services PC, t/a Valley Medical Group, affiliated with, and owned by Defendant Valley.

93.     On September 28, 2021, Defendant Balderrama responded:

> We regret to inform you that, based on the information provided, we have determined that your request does not meet the applicable standard for an exemption.

94. On October 19, 2021, Julie Karcher sent a letter to Dr. Saunders stating that:

> VMG has not granted you an accommodation and you have advised that you will not be receiving the vaccine. Based on this information, you are in material breach of Section 4(C) of your Employment Agreement with VMG, which commenced on May 23, 2016…

> Unless you provide proof that you have been fully vaccinated, as of November 1, 2021, you are no longer permitted to come to work.

95. On November 1, 2021, Defendant Valley terminated Dr. Saunders.

**Plaintiff Bernadette Zaleya**

83. Plaintiff Bernadette Zaleya maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

96. On or about August 3, 2021, Plaintiff Bernadette Zelaya submitted her request for a religious exemption, stating that requiring her to receive the COVID-19 vaccine would her sincerely held religious beliefs. Plaintiff Bernadette Zelaya is a Respiratory Therapist and worked at Valley for nearly ten (10) years. Ms. Zelaya's ten (10) year anniversary would have been three (3) days after she was fired. Ms. Zelaya worked in every ICU, PICU, and NICU unit. Plaintiff Bernadette Zelaya was the staff member that Valley could put anywhere and know the job would get done. Ms. Zelaya cared for her patients as if they were her own family member. Ms. Zelaya started her career later in life and went back to school for Respiratory with four (4) young kids at home. Ms. Zelaya loved her job.

97. On September 7, 2021, Defendant Balderrama responded:

> We regret to inform you that, based on the information provided, we have determined that your request does not meet the applicable standard for what constitutes a religious exemption.

19

98.     On November 1, 2021, Defendant Valley terminated Bernadette Zaleya.

**Plaintiff Bridget Pitt**

99.     Plaintiff Bridget Pitt maintains a sincerely held religious belief that prevents her from receiving the COVID-19 vaccine.

100.     Plaintiff Bridget Pitt is a Registered Respiratory Therapist. Ms. Pitt was born in Bronx, New York, has been married for almost thirty-one (31) years, has a son who will soon be twenty (20) years old. Ms. Pitt moved to Florida in 1995 went to school and graduated from Edison Community College in Ft. Myers Florida in 1998. During Ms. Pitt's college days she worked part time as a student in the Cardiopulmonary Department at Lee Memorial Hospital, Ft. Myers, Florida. After Ms. Pitt's graduation and passing her CRT and Registered Respiratory Therapist ("RRT") exams she worked full time as an RRT. The Cardiopulmonary Department covered all areas in the hospital, Emergency Department, Cardiac Intensive Care, Surgical Intensive Care, Medical Intensive Care, Pediatric Intensive Care, Medical Surgical Unit, Pediatric, Neonatal Intensive Care ("NICU") and any other department that may have required a therapist. After experiencing the different departments, Ms. Pitt came to realize that neonatal is where her heart is and took a night position in the NICU department at Lee Memorial Children's Hospital. Intubation, managing ventilators, obtaining blood for blood gas results, being present at high-risk deliveries and C-sections are just a few responsibilities of an RT in the NICU. In 2005 Ms. Pitt visited her family in New York and decided to give her resume to Valley Hospital located in Ridgewood New Jersey. Valley hired Ms. Pitt on the spot for a part time night therapist position solely in the NICU.  Ms. Pitt was so excited, accepted their offer and uprooted her husband, who did not have a job waiting for him in New York and her three (3) year-old son almost thirteen hundred (1,300) miles north to New York. Ms. Pitt's start date at Valley was October 10, 2005, Ms. Pitt had been

a dedicated employee for sixteen (16) years without a blemish in her file. When Valley informed the employees of their vaccine mandates, Ms. Pitt submitted a request for a religious exemption from all vaccines, which was denied. Not even working at a different medical facility during Ms. Pitt's years at Valley is an example of the loyalty Ms. Pitt had to Valley during her time before she was fired for not taking a vaccine.

**Refusal to Accommodate**

101.    In accordance with the above, the NJLAD and TITLE VII required Valley to engage in an individual interactive process to determine if an accommodation could be made for Plaintiffs' religious beliefs.

102.    Valley never truly engaged with Plaintiffs in the interactive process.

103.    The statements in Defendant Balderrama's letters about applying for other positions was a sham.

104.    At various times over the course of months following the denials, Plaintiffs checked for other posted positions that did not require vaccination. The only such positions were remote Information Technology ("IT") jobs.

## COUNT I:

## VIOLATION OF NJLAD: RELIGIOUS DISCRIMINATION

105.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

106.    The NJLAD prescribed requirements that Defendant Valley was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

107.    The NJLAD prohibits an employer, such as Defendant Valley, from retaliating against an employee who asserts their protected rights under the NJLAD.

108.   The NJLAD protects the rights of persons with sincerely held religious beliefs.

109.   Defendant Valley wrongfully denied Dr. Saunders's, John Khanjian's, and Alfonso Padilla's requests for religious exemptions as supposedly not meeting the standard for exemption, in violation of the NJLAD.

110.   The NJLAD prohibits Valley from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

111.   Upon receipt of the requests for religious exemption from all Plaintiffs, Valley terminated Plaintiffs as employees.

112.   By terminating Plaintiffs' employment, Valley retaliated against them in violation of the NJLAD.

113.   As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

     a.      Compensatory damages;

     b.      Punitive damages;

     c.      Attorneys' fees and costs of suit; and

     d.      Such other relief as the Court may deem proper and just.

**COUNT II:**

**VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE**

114.   Plaintiffs repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

115.   The NJLAD provides that Valley <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

116.    The NJLAD requires Valley to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

117.    Valley did not make a *bona fide* effort to reach an accommodation for Plaintiffs.

118.    The NJLAD provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

119.    The NJLAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates the risk of COVID-19 transmission and exposure.

120.    Plaintiffs were able to perform the essential functions of their jobs without an undue hardship to Valley.

121.    Plaintiffs were able to perform the essential functions of their jobs without putting the public at risk.

122.    By refusing to provide accommodations, Valley violated the NJLAD.

123.    As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demands entry of a judgment awarding:

      a.      Compensatory damages;

      b.      Punitive damages;

      c.      Attorneys' fees and costs of suit; and

      d.      Such other relief as the Court may deem proper and just.

## COUNT III:

## VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

124.    Plaintiffs repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

125.    TITLE VII provides that Valley <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

126.    TITLE VII requires Valley to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

127.    Valley did not make a *bona fide* effort to reach an accommodation for Plaintiffs.

128.    TITLE VII provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

129.    TITLE VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

130.    Plaintiffs were able to perform the essential functions of their job without an undue hardship to Valley.

131.    Plaintiffs were able to perform the essential functions of their job without putting the public at risk.

132.    By refusing to provide accommodations, Valley violated TITLE VII.

133.    As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demands entry of a judgment awarding:

      a.      Compensatory damages;

      b.      Punitive damages;

      c.      Attorneys' fees and costs of suit; and

      d.      Such other relief as the Court may deem proper and just.

### COUNT IV:

### VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION

134.    Plaintiffs repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

135.    TITLE VII prescribed requirements that Valley was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

136.    TITLE VII prohibits an employer, such as Valley, from retaliating against an employee who asserts their protected rights under TITLE VII.

137.    TITLE VII protects the rights of persons with sincerely held religious beliefs.

138.    TITLE VII prohibits Valley from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

139.    Upon receipt of the requests for religious exemption from Plaintiffs, Valley terminated Plaintiffs as employees.

140.    By terminating Plaintiffs' employment, Valley retaliated against them in violation of the TITLE VII.

141.    As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.       Compensatory damages;

    b.       Punitive damages;

    c.       Attorneys' fees and costs of suit; and

    d.       Such other relief as the Court may deem proper and just.

## COUNT V:

## DECLARATORY JUDGMENT

142.    Plaintiffs repeats and reallege the allegations contained in the prior sections as if fully set forth herein.

143.    NJLAD and TITLE VII provided for injunctive relief to prevent future violations.

144.    Plaintiffs are legally entitled to a declaratory judgment that Valley violated the NJLAD and TITLE VII and that an injunction should issue requiring Valley to comply with the NJLAD and TITLE VII regarding religious exemptions and accommodations.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.       Injunctive relief as set forth herein;

    b.       Attorneys' fees and costs of suit; and

    c.       Such other relief as the Court may deem proper and just.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

**Dated: October 24, 2022**          **Attorneys for Plaintiffs**

By:   *s/ John D. Coyle*

**COYLE LAW GROUP LLP**
John D. Coyle, Esq. (0296362001)
Jesse C. Morris, Esq. (038262007)
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel. (973) 370-0592
jcoyle@coylelawgroup.com

26

# Exhibit A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Andrew Carell<br>80 Warren Street<br>Clifton, NJ 07013 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17E-2022-00002 | Damon Johnson,<br>State, Local & Tribal Program Manager | (267) 589-9722 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Melissa Casamassina**
**95 Robin Hood Way**
**Wayne, NJ 07470**

From:  **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00419** | **Damon Johnson,** **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

Exhibit C

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Julieta Everett**
      **66 Ryerson Road**
      **Warwick, NY 10990**

From:  **Philadelphia District Office**
        **801 Market St, Suite 1000**
        **Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00103** | **Damon Johnson,** **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

Enclosures(s)

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit D

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Amanda Hickman<br>60 Charcoal Road<br>Newfoundland, NJ 07435 | From: Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|

| EEOC Charge No.<br>**17E-2022-00072** | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9722** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit E

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Magda Jasek**
**6770 Arching Braanch Circle**
**Jacksonville, FL 32258**

From:  **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00102** | **Damon Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022
**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit F

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **John Khanjian**<br>**8 Morton Place**<br>**Oakland, NJ 07436** | From: | **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00232** | **Damon Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

Exhibit G

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Alfonso Padilla**<br>**153 Avenue B**<br>**Bayonne, NJ 07002** | From:   **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| | | |
|---|---|---|
| EEOC Charge No.<br>**17E-2022-00163** | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
09/15/2022

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:   For Respondent:
      **Jean Schrollknapp**
      **Nukk-Freeman & Cerra, PC**
      **26 Main Street**
      **Suite 202**
      **Chatham, NJ 07928**

      For Charging Party:
      **John D. Coyle**
      **Coyle Law Group LLP**
      **55 Madison Ave., Suite 400**
      **Morristown, NJ 07960**

# Exhibit H

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To:   **Eric Saunders** | From:   **Philadelphia District Office** |
|---|---|
| **96 Lee Avenue** | **801 Market St, Suite 1000** |
| **Hawthorne, NJ 07506** | **Philadelphia, PA 19107** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00084** | **Damon Johnson,** | **(267) 589-9722** |
|  | **State, Local & Tribal Program Manager** |  |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

Enclosures(s)

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit I

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Bernadette Zelaya<br>60 Grant Drive<br>North Haledon, NJ 07508 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

| EEOC Charge No.<br>**17E-2022-00070** | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9722** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/13/2022

**Karen McDonough**
**Deputy Director**

cc:

For Respondent:
**Punam Alam**
**Nukk-Freeman & Cerra P.C.**
**26 Main Street, Suite 202**
**Chatham, NJ 07928**

For Charging Party:
**John D. Coyle**
**Partner**
**Coyle Law Group LLP**
**55 Madison Ave., Suite 400**
**Moorestown, NJ 07960**

# Exhibit J

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Bridget Pitt**<br>**34 Henry Street**<br>**Orangeburg, NY 10962** | From:  **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No.<br>**17E-2022-00234** | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**(267) 589-9722** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have elapsed since the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

Please retain this notice for your records..

On behalf of the Commission

Digitally Signed By: Karen McDonough
10/11/2022

**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc:   For Respondent
Jesse Grasty
Nukk-Freeman & Cerra, P.C.
26 Main Street, Suite 202
Chatham, NJ 07928

For Charging Party
John D. Coyle
Coyle Law Group LLP
55 Madison Ave., Suite 400
Morristown, NJ 07960